**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **No. 08 C 3697** |
| **THE CITY OF CHICAGO, et al.,** | ) ) | **Judge Milton I. Shadur** |
| **Defendants.** | ) ) | **Magistrate Judge Keys** |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSE,
AND JURY DEMAND TO PLAINTIFFS' COMPLAINT
FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Defendant City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, hereby submits its Answer, Defense, and Jury Demand to Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief.[1]

## ANSWER

1.      This is an action to vindicate the rights of residents of Chicago, Illinois, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution, which guarantees the right of law-abiding citizens to keep handguns in the home for lawful defense of their families and other lawful purposes.

**ANSWER:**    The City admits this action purports to be "an action to vindicate the rights of residents of Chicago, Illinois, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution." The City denies the remaining allegations contained in Paragraph 1.

---

[1]      Based on this Court's orders dated June 27, 2008 and July 7, 2008 in *McDonald, et al. v. City of Chicago*, No. 08 C 3645, and the Court's comments in open court, the City believes that Mayor Daley is no longer a party to this action, and Mayor Daley therefore does not join in the City's answer. Should the Court decide that Mayor Daley remains a defendant, he will promptly answer Plaintiffs' Complaint.

## PARTIES

2.      Plaintiff, National Rifle Association of America, Inc. (hereafter "NRA"), is a nonprofit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia. NRA has a membership of 4 million persons many of which reside in or travel through Chicago, Illinois. The purposes of the NRA include the protection of the right of citizens to have firearms for the lawful defense of their families, persons, and property, and to promote public safety and law and order. NRA brings this action on behalf of itself and its members.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 2.

3.      Plaintiffs, Dr. Kathryn Tyler ("Tyler"), Anthony Burton ("Burton"), Van F. Welton ("Welton") and Brett Benson ("Benson") are residents of Chicago, Illinois, citizens of the United States, and members of the NRA.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 3.

4.      Numerous members of Plaintiff-NRA who are not residents of Chicago frequently travel through Chicago.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 4.

5.      Defendant, Richard M. Daley (hereinafter "Daley") is the Mayor of the City of Chicago, which is his principal place of business. He is being sued in his official capacity. The City of Chicago is a political subdivision of the State of Illinois. Daley and the City of Chicago and their officers, agents and employees are sometimes hereinafter referred to as "Defendants".

**ANSWER:**    The City admits that Richard M. Daley is the Mayor of the City of Chicago

and that the City of Chicago is Mayor Daley's principal place of business. The City admits that it

is a municipal corporation organized under the laws of the State of Illinois. The City admits that

Plaintiffs have sued Mayor Daley in his official capacity but, consistent with this Court's orders

dated June 27, 2008 and July 7, 2008 in *McDonald, et al. v. City of Chicago*, No. 08 C 3645, and

the Court's comments in open court, denies that Mayor Daley is a defendant in this action.

2

## JURISDICTION

6.      Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of Illinois and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

**ANSWER:**    The City admits that the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 1331 and 1343.  The City denies the remaining allegations contained in Paragraph 6.

7.      This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**    The City admits that Plaintiffs seek relief pursuant to 28 U.S.C. §§ 2201 &

2202 and 42 U.S.C. § 1983 but denies that Plaintiffs are entitled to any such relief or that Plaintiffs

have stated a claim against the City.  The City admits the remaining allegations contained in

Paragraph 7.

## BACKGROUND

8.      The City of Chicago prohibits possession of a firearm unless it is registered. Municipal Code of Chicago, § 8-20-040(a).  "No registration certificate shall be issued for any of the following types of firearms: ... (c) Handguns ...." § 8-20-050(c).  The only non-governmental exceptions are "Those validly registered to a current owner in the City of Chicago prior to the effective date of this chapter" in 1982, § 8-20-050(c)(1), and those owned by security personnel or private detective agencies.  § 8-20-050(c)(2) & (3).  "'Handgun' means a firearm designed to be held and fired by the use of a single hand, and includes a combination of parts from which such firearm can be assembled."  § 8-20-030(k).

**ANSWER:**    The City admits that section 8-20-040(a) prohibits possession of a firearm

unless it is registered pursuant to Chapter 8-20 of the Chicago Municipal Code.  The City admits

that section 8-20-030(k) contains the language quoted in Paragraph 8.  The City admits that section

8-20-050(c) prohibits the registration of a handgun unless the registrant meets one of four exceptions

codified at section 8-20-050(c)(1) - (4).  The City admits that section 8-20-050(c)(1) contains the

language quoted in Paragraph 8 but denies that Paragraph 8 fully and completely cites the entirety

3

of section 8-20-050(c)(1).  The City admits that section 8-20-050(c)(3) contains an exception for

handguns owned by "security personnel."  The City admits that section 8-20-050(c)(4) contains an

exception for handguns owned by "private detective agencies licensed under Chapter 111.2601, et

seq., Illinois Revised Statutes."  The City denies that section 8-20-050(c)(2) contains an exception

for handguns owned by either security personnel or private detective agencies.  The City admits that

Chapter 8-20 of the Chicago Municipal Code first became effective in 1982.  The City denies the

remaining allegations contained in Paragraph 8.

      9.      The registration requirement, and hence the handgun prohibition, does not apply to:
"Any nonresident of the City of Chicago participating in any lawful recreational firearm-related
activity in the city, or on his way to or from such activity in another jurisdiction; provided, that such
weapon shall be unloaded and securely wrapped and that his possession or control of such firearm
is lawful in the jurisdiction in which he resides...." § 8-20-040(b)(5).

      **ANSWER:**    The City admits that section 8-20-040(b)(5) contains the language quoted in

Paragraph 9 but denies that it contains ellipses.  The City admits the remaining allegations contained

in Paragraph 9.

      10.     Any person possessing a firearm "shall have on his person or within his immediate
custody a valid registration certificate for such firearm issued hereunder, which shall be exhibited
for inspection to any peace officer upon demand." § 8-20-150.  Failure to exhibit a registration
certificate "shall be presumptive evidence that he is not authorized to possess such firearm" and
"shall also be cause for the confiscation of such firearms." *Id.*  A confiscated firearm, when not
needed as evidence, must be destroyed. § 8-20-220.

      **ANSWER:**    The City admits that section 8-20-150 contains the language quoted in

Paragraph 10 but denies that Paragraph 10 fully and completely cites the entirety of section 8-20-

150.  The City admits that section 8-20-220 provides that a confiscated firearm "if not required for

evidence . . . shall be destroyed at the direction of the superintendent" of police.  The City denies

the remaining allegations of Paragraph 10.

      11.     A first violation is punishable by a fine of not less than $300 or more than $500, and
incarceration for not less than ten days or more than 90 days.  A subsequent conviction is punishable

by a fine of $500 and by incarceration of not less than 90 days or more than six months.  § 8-20-250.

**ANSWER:**    The City admits that section 8-20-250 provides: "Any person who violates any provision of this chapter, where no other penalty is specifically provided, shall upon conviction for the first time, be fined not less than $300.00, nor more than $500.00; or be incarcerated for not less than ten days nor more than 90 days or both.  Any subsequent conviction for a violation of this chapter shall be punishable by a fine of $500.00 and by incarceration for a term of not less than 90 days, nor more than six months."  The City denies the remaining allegations of Paragraph 11.

12.    Defendant Daley is responsible for enforcing the above provisions through law enforcement agencies under his direction and control.

**ANSWER:**    Consistent with this Court's orders dated June 27, 2008 and July 7, 2008 in *McDonald, et al. v. City of Chicago*, No. 08 C 3645, and the Court's comments in open court, the City denies that Mayor Daley is a defendant in this action and therefore asserts that the allegations contained in Paragraph 12 are irrelevant and improper and therefore do not require an answer. Should the Court decide otherwise, the City will promptly answer the allegations contained in Paragraph 12.

13.    Defendant Daley and the law enforcement agencies that operate under his supervision have no legal duty to protect Chicago residents, including plaintiffs, from robbery, rape, murder, or any other crime.

**ANSWER:**    Consistent with this Court's orders dated June 27, 2008 and July 7, 2008 in *McDonald, et al. v. City of Chicago*, No. 08 C 3645, and the Court's comments in open court, the City denies that Mayor Daley is a defendant in this action and therefore asserts that the allegations contained in Paragraph 12 are irrelevant and improper and therefore do not require an answer. Should the Court decide otherwise, the City will promptly answer the allegations contained in Paragraph 13.

5

## FACTS

14.    Plaintiffs, as well as thousands of members of Plaintiff-NRA, reside in Chicago. But for Municipal Code of Chicago, §§ 8-20-050(c), 8-20-040(a), 8-20-250, and the enforcement thereof by Defendants, Plaintiffs and numerous such NRA members would forthwith (a) lawfully obtain handguns to keep at home for lawful purposes including self-protection and the protection of their families and loved ones and (b) transfer handguns which they lawfully store outside of Chicago to their homes. Should they do so in violation of such provisions, they would be subject to arrest, prosecution, imprisonment, and fines.

**ANSWER:**    The City admits that any person who violates Chapter 8-20 of the Chicago Municipal Code would be subject to the penalties provided by law. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15.    Plaintiffs, and thousands of members of Plaintiff-NRA, either travel through or need to travel through Chicago. Municipal Code of Chicago, §§ 8-20-050(c), 8-20-040(a), 8-20-250 and the enforcement thereof by Defendants subjects such persons who are otherwise lawfully transporting firearms to the threat of arrest, prosecution, imprisonment, and fines or requires them to travel on other routes to avoid arrest, prosecution, imprisonment, and fines.

**ANSWER:**    The City admits that any person who violates Chapter 8-20 of the Chicago Municipal Code would be subject to the penalties provided by law. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.    Plaintiff Welton wishes to obtain a handgun. He is eligible under the laws of the United States and of the State of Illinois to possess firearms. But for Municipal Code of Chicago, § 8-20-050(c), he would forthwith obtain and register a handgun to keep at home for self-protection.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.    Plaintiff Burton is a tow truck driver. Plaintiff Tyler is a veterinarian. They lawfully own and store handguns outside the City of Chicago. But for Municipal Code § 8-20-050(c), they would forthwith register their handguns and keep them at their residences in the City of Chicago for self-protection.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the

6

truth of the allegations contained in Paragraph 17.

18.    Plaintiff Benson wants to own a handgun but cannot as he has no place to store it outside of the City of Chicago.  If allowed to possess a handgun in the City, he and others in his position could keep handguns in their homes for lawful defense from any unlawful, sudden, deadly attack by an intruder.  However, Plaintiffs and others face arrest, prosecution, and incarceration should they possess an unregistered handgun in violation of Municipal Code of Chicago, § 8-20-050(c), § 8-20-040(a), and § 8-20-250.  As a result of § 8-20-040(a), Defendants and their agents and employees refuse to register any handgun.  But for § 8-20-040(a), members of NRA and the individual Plaintiffs would imminently obtain handguns and register them pursuant to § 8-20-040(a).

**ANSWER:**    The City admits that any person who violates Chapter 8-20 of the Chicago Municipal Code would be subject to the penalties provided by law.  The City denies that, pursuant to section 8-20-040(a), it refuses to register handguns.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18.

19.    As a proximate cause of Municipal Code of Chicago, § 8-20-050(c), § 8-20-040(a), and § 8-20-250 and the enforcement thereof by Defendants and their agents and employees, Plaintiffs are subjected to irreparable harm in that they are unable to obtain handguns to protect themselves in their homes, subjecting them to endangerment from criminal intruders and violating their constitutional rights as set forth herein.

**ANSWER:**    The City denies that it has violated Plaintiffs' constitutional rights or caused them irreparable harm.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19.

## COUNT I
### (Second and Fourteenth Amendments)

20.    Paragraphs 1 through 19 are realleged and incorporated herein by reference.

**ANSWER:**    For its answer to Paragraph 20, the City incorporates by reference its answers to Paragraphs 1 through 19 as if set forth fully herein.

21.    The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  The Fourteenth Amendment to the United States Constitution provides in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty,

or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Second Amendment is applicable to the States and political subdivisions thereof through the Fourteenth Amendment.

**ANSWER:**    The City admits that the Second Amendment to the United States Constitution contains the language quoted in Paragraph 21. The City admits that the Fourteenth Amendment to the United States Constitution contains the language quoted in Paragraph 21. The City denies the remaining allegations contained in Paragraph 21.

22.    Because Municipal Code of Chicago, § 8-20-050(c) requires all firearms to be registered, but § 8-20-040(a) prohibits the registration of any handgun, § 8-20-040(a) infringes on the right of the people, including Plaintiffs and members of Plaintiff-NRA, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution and is thus null and void.

**ANSWER:**    The City admits that section 8-20-040(a) requires that all firearms be registered in accordance with the provisions of Chapter 8-20 of the Chicago Municipal Code. The City admits that section 8-20-050(c) does not allow handguns to be registered except under the circumstances enumerated in sections 8-20-050(c)(1)-(4). The City denies the remaining allegations contained in Paragraph 22.

**WHEREFORE**, the City respectfully requests that the Court enter judgment in its favor and against Plaintiffs on Count I and grant the City such other and further relief as the Court deems just and appropriate.

## COUNT II
### (Equal Protection)

23.    Paragraphs 1 through 22 are realleged and incorporated herein by reference.

**ANSWER:**    For its answer to Paragraph 23, the City incorporates by reference its answers to Paragraphs 1 through 22 as if set forth fully herein.

24.    The Fourteenth Amendment to the United States Constitution provides that no State shall deny to any person the equal protection of the laws.

**ANSWER:** The City admits that the Fourteenth Amendment to the United States Constitutions provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." The City denies the remaining allegations contained in Paragraph 24.

25. Possession of handguns is prohibited to persons generally, including Plaintiffs and to members of Plaintiff-NRA. Municipal Code of Chicago, §§ 8-20-040(a), 8-20-050(c).

**ANSWER:** The City admits that section 8-20-040(a) requires that all firearms be registered in accordance with the provisions of Chapter 8-20 of the Chicago Municipal Code. The City admits that section 8-20-050(c) does not allow handguns to be registered except under the circumstances enumerated in sections 8-20-050(c)(1)-(4). The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. However, the following categories of persons are exempted from the prohibition:

  (a)   Handguns "validly registered to a current owner in the City of Chicago prior to the effective date of this chapter" in 1982, § 8-20-050(c)(l);

  (b)   Handguns owned by security personnel or private detective agencies, § 8-20-050(c)(2) & (3); and,

  (c)   Any nonresident of the City of Chicago participating in any lawful recreational firearm-related activity in the city, or on his way to or from such activity in another jurisdiction.... § 8-20-040(b)(5).

**ANSWER:** The City admits that section 8-20-050(c)(1) permits the registration of handguns that are "validly registered to a current owner in the City of Chicago prior to the effective date of this chapter" provided that the requirements of sections 8-20(c)(1)(i) and (c)(1)(ii) are met. The City admits that section 8-20-050(c)(3) permits the registration of handguns owned by "security personnel." The City admits that section 8-20-050(c)(4) permits the registration of handguns owned by "private detective agencies licensed under Chapter 111.2601, et seq., Illinois Revised Statutes." The City denies that section 8-20-050(c)(2) permits the registration of handguns by either security

9

personnel or private detective agencies. The City admits that section 8-20-040(b)(5) exempts from

the registration requirement of section 8-20-040(a) "[a]ny nonresident of the City of Chicago

participating in any lawful recreational firearm-related activity in the city, or on his way to or from

such activity in another jurisdiction; provided that such weapon shall be unloaded and securely

wrapped and that his possession or control of such firearm is lawful in the jurisdiction in which he

resides." The City denies the remaining allegations contained in Paragraph 26.

      27.     The above exemptions irrationally discriminate against all non-exempted persons, including Plaintiffs and members of Plaintiff-NRA, denying to them the equal protection of the laws, in violation of the Fourteenth Amendment.

      **ANSWER:**    The City denies the allegations contained in Paragraph 27.

      **WHEREFORE**, the City respectfully requests that the Court enter judgment in its favor and

against Plaintiffs on Count II and grant the City such other and further relief as the Court deems just

and appropriate.

**COUNT III**
**(18 U.S.C. § 926A)**

      28.     Paragraphs 1 through 27 are realleged and incorporated herein by reference.

      **ANSWER:**    For its answer to Paragraph 28, the City incorporates by reference its answers

to Paragraphs 1 through 27 as if set forth fully herein.

      29.     Plaintiffs and members of Plaintiff-NRA may lawfully transport firearms through the City of Chicago pursuant to the Firearms Owners' Protection Act of 1986 ("FOPA"), 18 U.S.C. § 926A, which provides:

> Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation the firearm is unloaded, and neither the firearm nor any ammunition

10

being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle: Provided, That in the case of a vehicle without a compartment separate from the driver's compartment the firearm or ammunition shall be contained in a locked container other than the glove compartment or console.

**ANSWER:**    The City admits that 18 U.S.C. § 926A contains the language quoted in Paragraph 29. The City denies the remaining allegations contained in Paragraph 29.

30.    Chicago's registration requirement for firearms, and hence the handgun prohibition, does not apply to: "Any nonresident of the City of Chicago participating in any lawful recreational firearm-related activity in the city, or on his way to or from such activity in another jurisdiction; provided, that such weapon shall be unloaded and securely wrapped and that his possession or control of such firearm is lawful in the jurisdiction in which he resides . . ." II Municipal Code of Chicago, § 8-20-040(b)(5). Chicago thus limits such transportation (a) to non-residents, precluding residents who lawfully store unregistered firearms, including handguns, outside of Chicago from such transportation, and (b) to participation in recreational activities, precluding other lawful activities.

**ANSWER:**    The City admits that section 8-20-040(b)(5) contains the language quoted in Paragraph 30. The City admits that section 8-20-040(b)(5) only exempts from the firearm registration requirement of section 8-20-040(a) a non-resident of the City of Chicago who participates in a lawful recreational firearm-related activity in the City or on his way to or from such activity in another jurisdiction, provided that the firearm is unloaded and securely wrapped and that his possession or control of such firearm is lawful in the jurisdiction in which he resides. The City denies the remaining allegations contained in Paragraph 30.

30.[sic]  Moreover, Chicago provides that any person possessing a firearm "shall have on his person or within his immediate custody a valid registration certificate for such firearm issued hereunder, which shall be exhibited for inspection to any peace officer upon demand." § 8-20-150. Failure to exhibit a registration certificate "shall be presumptive evidence that he is not authorized to possess such firearm" and "shall also be cause for the confiscation of such firearms." *Id.* Persons lawfully transporting firearms through Chicago are thereby subject to arrest and prosecution.

**ANSWER:**    The City admits that section 8-20-150 provides that "[a]ny person carrying or having in his possession or under his custody or control any firearm, shall have on his person or

within his immediate custody a valid registration certificate for such firearm issued hereunder, which shall be exhibited for inspection to any peace officer upon demand." The City admits that section 8-20-150 further provides that the "[f]ailure of any person to exhibit a registration certificate for any fireman in his possession, custody or control shall also be the cause for the confiscation of such firearms and revocation of any registration certificates issues therefore under this chapter." The City denies that individuals who satisfy and comply with section 8-20-040(b)(5)of the Chicago Municipal Code as they transport firearms through the City of Chicago are subject to the penalties set forth in section 8-20-150. The City denies the remaining allegations contained in Paragraph 30[sic].

31.    The above provisions and the enforcement thereof by Defendants violate the entitlement of persons, including Plaintiffs and members of Plaintiff-NRA, to transport firearms pursuant to 18 U.S.C. § 926A, and are thus preempted and void.

**ANSWER:**    The City denies the allegations contained in Paragraph 31.

**WHEREFORE**, the City respectfully requests that the Court enter judgment in its favor and against Plaintiffs on Count III and grant the City such other and further relief as the Court deems just and appropriate.

## DEFENSE - FAILURE TO STATE A CLAIM

The Complaint fails to state any claim upon which relief can be granted.

## JURY DEMAND

The City demands a trial by jury.

Date: September 2, 2008                    Respectfully submitted,

                                           MARA S. GEORGES
                                           Corporation Counsel for the City of Chicago

                                           By:___/s/William Macy Aguiar_____
                                                Assistant Corporation Counsel

12

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216

Attorneys for Defendant