```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

```
NATIONAL RIFLE ASSOCIATION OF   )
AMERICA, INC., et al.,          )
                                )
            Plaintiffs,         )
                                )
       v.                       )    No.  08 C 3696
                                )
VILLAGE OF OAK PARK, et al.,    )
                                )
            Defendants.         )
_____)
                                )
NATIONAL RIFLE ASSOCIATION OF   )
AMERICA, INC., et al.,          )
                                )
            Plaintiffs,         )
                                )
       v.                       )    No.  08 C 3697
                                )
CITY OF CHICAGO,                )
                                )
            Defendant.          )
_____)
                                )
OTIS McDONALD, et al.,          )
                                )
            Plaintiffs,         )
                                )
       v.                       )    No.  08 C 3645
                                )
CITY OF CHICAGO, et al.,        )
                                )
            Defendants.         )
```

               SUPPLEMENT TO MEMORANDUM OPINIONS AND ORDERS

   This Court has just had occasion, for a reason wholly

unrelated to these cases,[1] to note an excerpt from an earlier

---

[1] Indeed, what has brought the subject of this supplement to this Court's attention is simply its consistently prompt review of slip opinions emanating from our Court of Appeals--in this instance, Bd. of Regents of the Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc., No. 08-4164, 2010 WL 5295853 at *21

opinion of our Court of Appeals that calls for a clarifying supplement to this Court's opinions in the captioned cases--in the NRA cases, 2010 WL 5185083 (N.D. Ill. Dec. 22) and in the McDonald case, 2011 WL 13755 (N.D. Ill. Jan. 3). That excerpt appears in the en banc opinion in United States v. Skoien, 614 F.3d 638, 641 (7th Cir. 2010).

In McDonald, 2011 WL 13755 at *1 this Court dropped this footnote 2 as an attempted amplification of the point (1) that the order by the Supreme Court in that case had remanded the case "for further proceedings" and (2) that no such proceedings then took place because the City of Chicago's swift action in repealing its ordinance compelled dismissal of the case on mootness grounds:

> Remember the universal principle that courts speak definitively through their orders, not through the language in their opinions that explains the basis for the orders themselves.

In that respect Judge Wood's dissent in Bd. of Regents has just repeated this sentence from Skoien, 614 F.3d at 641 that spoke of an aspect of the Heller case in these terms:

> This is the sort of message that, whether or not technically dictum, a court of appeals must respect, given the Supreme Court's entitlement to speak through its opinions as well as through its technical holdings.

Thus the McDonald footnote was an oversimplification of a more fundamental proposition that this Court has sought to

---

(7th Cir. Dec. 28).

emphasize in both its NRA opinion and its McDonald opinion: that if the Supreme Court had intended its McDonald opinion to be the last word on the matter, automatically constituting a final order as to the Chicago ordinance of the type required by Buckhannon to constitute a formal judicial imprimatur, the Supreme Court would surely have known how to do just that in so many words. What cannot be ignored is that its ruling was instead a remand "for further proceedings," leaving it to the lower court--our Court of Appeals--to determine what was called for. And that, given the intervening repeal of the ordinance, was clearly a dismissal for mootness, again not a Buckhannon-qualifying ruling.

_____
　　　　　　Milton I. Shadur
　　　　　　Senior United States District Judge

Date:　January 7, 2011