# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) ) | No. 08 CV 3697 |
| | ) | Judge Milton I. Shadur |
| THE CITY OF CHICAGO, et al. | ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | No. 08 CV 3696 |
| VILLAGE OF OAK PARK, et al., | ) ) ) | Judge Milton I. Shadur |
| Defendants. | ) | |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 54.3(e)**

The parties, plaintiffs National Rifle Association *et al.* and defendants the City of Chicago and the Village of Oak Park, by counsel, pursuant to Local Rule 54.3(e), hereby file this joint statement:

I. **Fees and Expenses Claimed by the Moving Party**

The following is stated pursuant to L.R. 54.3(e)(1), which provides that this statement shall list "the total amount of fees and related nontaxable expenses claimed by the moving party (If the fee request is based on the 'lodestar' method, the statement shall include a summary table giving the name, claimed hours, claimed rates, and claimed totals for each biller.) . . . ."

1

For work on both *NRA v. Chicago* and *NRA v. Oak Park*, plaintiffs claim a total of $1,727,160.71 in fees and expenses. For work only involving *NRA v. Chicago*, plaintiffs claim an additional $142,109.60. For work only involving *NRA v. Oak Park*, plaintiffs claim an additional $326,052.98. These amounts are attributable to the following law firms:

Chicago and Oak Park
| | |
|---|---|
| Stephen P. Halbrook | $1,312,039.99 |
| Goodwin Procter | 207,529.62 |
| King & Spalding/Bancroft | 179,014.60 |
| Cooper & Kirk | 28,576.50 |
| Total | $1,727,160.71 |

Chicago only
Brenner, Ford        $142,109.60

Oak Park only
Freeborn & Peters    $326,052.98

The following summary table gives the name, claimed hours, claimed rates, total fees, expenses, and claimed totals for each biller (individual attorneys and firms):

| Name | Hours | Rate | Total Fees | Expenses | Grand Total |
|---|---|---|---|---|---|
| Stephen P. Halbrook | 1,632.8 | $800 | $1,306,240 | $5,799.99 | $1,312,039.99 |

| Name | Hours | Rate | Total Fees | Expenses | Grand Total |
|---|---|---|---|---|---|
| *Goodwin Procter* | | | | | $207,529.62 |
| Stephen D. Poss | 86.4 | $850 | $88,313.50 | | |
| Kevin P. Martin | 101.6 | 675 | 58,168.62 | | |
| Joshua S. Lipshutz | 86.2 | 505 | 36,536.00 | | |
| John Rich | 12.3 | 615 | 19,686.50 | | |
| Scott Nardi | 8.7 | 535 | 1,203.00 | | |
| Frank W. Washko | 13.8 | 475 | 1,144.00 | | |
| Ryan Ferch | 9.5 | 430 | 4,270.50 | | |

| Name | Hours | Rate[1] | Total Fees | Expenses | Grand Total |
|---|---|---|---|---|---|
| *King & Spalding/Bancroft* | | | | $1,026.10 | $179,014.60 |
| Paul D. Clement | 15 | $925 | $13,875.00 | | |
| | 5 | 970 | 4,850.00 | | |
| | 104.1 | 1020 | 106,182.00 | | |
| | 124.1 | | $124,907.00 | | |

---

[1] Some rates increased over time.

2

| Name | Hours | Rate | Total Fees |
|---|---|---|---|
| Daryl L. Joseffer | 6.1 | 710 | $4,331.00 |
| Jeffrey S. Bucholtz | 1.9 | 560 | $1,064.00 |
| | .1 | 590 | 59.00 |
| | 19.1 | 640 | 12,224.00 |
| | 20.9 | | $13,347.00 |
| Adam Conrad | 5.6 | 420 | $2,352.00 |
| | 30.4 | 500 | 15,200.00 |
| | 35.5 | | $17,802.00 |
| Candice Chiu | 10.9 | 320 | $3,488.00 |
| | 3.2 | 370 | 1,184.00 |
| | 14.1 | | $4,672.00 |
| H. Christopher Bartolomucci | 5.5 | 950 | $5,225.00 |
| Conor B. Dugan | 12.5 | 600 | $7,500.00 |
| Catherine M. Long (paralegal) | .9 | 155 | 139.50 |
| Sara L. Gallo (paralegal) | 1.5 | 210 | 315.00 |

| Name | Hours | Rate | Total Fees | Expenses | Grand Total |
|---|---|---|---|---|---|
| *Cooper & Kirk* | | | | | $28,576.50 |
| Charles J. Cooper | 3.4 | $815 | $2,771.00 | | |
| David H. Thompson | 14.0 | $515 | 7,210.00 | | |
| | 5.7 | $535 | 3,049.50 | | |
| | 6.7 | $565 | 3,785.50 | | |
| | 26.4 | | $14,045.00 | | |
| Jesse Panuccio | .9 | $335 | 301.50 | | |
| | 14.3 | $345 | 4,933.50 | | |
| | 1.8 | $375 | 675.00 | | |
| | 17.0 | | 5,910.00 | | |
| Brian Koukoutchos | 3.1 | $525 | 1,627.50 | | |
| Joseph Malchow | 16.5 | $205 | 3,382.50 | | |
| Marissa Miller | 4.1 | $205 | 840.50 | | |

| Name | Hours | Rate | Total Fees | Expenses | Grand Total |
|---|---|---|---|---|---|
| *Brenner, Ford* (Chicago only) | | | | $417.10 | $142,109.60 |
| Stephen A. Kolodziej | 298.3 | $475 | $141,692.50 | | |

3

| Name | Hours | Rate | Total Fees | Expenses | Grand Total[1] |
|---|---|---|---|---|---|
| *Freeborn & Peters* (Oak Park) | 771.3 | | $288,594.20 | $37,458.78 | $326,052.98 |
| William N. Howard | 335.2 | $475[2] | $159,087.50 | | |
| Daniel S. Dooley | 371.9 | 295 | 109,622.00 | | |
| Rachel Atterberry | 4.4 | 270[3] | 1,188.00 | | |
| | 1.3 | 295[4] | 383.50 | | |
| Michael P. Kornak | 4.60 | 470 | 2,162.00 | | |
| Michael S. Mayer | 5.40 | 245 | 1,323.00 | | |
| Verona M. Sandberg | 6.60 | $295 | 1,947.00 | | |
| Garry L. Wills | 7.20 | 340 | 2,448.00 | | |
| James M. Witz | 7.50 | 460 | 3,450.00 | | |
| Alan Bartlett | 1.00 | 235 | 235.00 | | |
| John Shapiro | 1.60 | 465 | 744.00 | | |
| Douglas Albritton | 0.30 | 455 | 136.50 | | |
| Debra O'Rourke | 5.30 | 45 | 238.50 | | |
| Jared Heck | 18.80 | 299 | 5,621.20 | | |
| Office Services | 0.20 | 40 | 8.00 | | |

## II. Defendants' Position on Plaintiffs' Fees and Expenses.

The following is stated pursuant to L.R. 54.3(e)(2), which provides that the statement shall list "the total amount of fees and/or related nontaxable expenses that the respondent deems should be awarded (If the fees are contested, the respondent shall include a similar table giving respondent's position as to the name, compensable hours, appropriate rates, and totals for each biller listed by movant.) . . . ."

A. Defendants object to Plaintiffs' requested fees and expenses to the extent that the aggregate amount sought exceeds $399,950.00, which is the amount paid by the City to plaintiffs' counsel in *McDonald v. Chicago*, 08 C 3645 (N.D. Ill.). Defendants further object to

---

[1] Billings through 9/15/11.

[2] The initial bill of 8/14/08 was for 5.3 hours at $450 per hour.

[3] For 2008.

[4] For 2009.

Case: 1:08-cv-03697 Document #: 102-1 Filed: 01/18/12 Page 6 of 18 PageID #:456
Case: 1:08-cv-03696 Document #: 95 Filed: 12/19/11 Page 5 of 17 PageID #:438

the extent that the number of hours and billing rates claimed by Plaintiffs exceed those paid by the City to plaintiffs' counsel in *McDonald*.

The instant cases were reassigned to Judge Shadur as related to *McDonald*, and all three cases presented a single, dispositive issue: Whether the Second Amendment is incorporated through the Fourteenth Amendment. That is the only issue that was litigated in the three cases. Further, of the three cases, *McDonald* is the one in which the Supreme Court granted certiorari and produced the ruling deemed by the Seventh Circuit to establish the Plaintiffs in the instant cases as prevailing parties under 42 U.S.C. § 1988. Accordingly, the fees (and the corresponding hours and billing rates) and expenses recovered by the *McDonald* plaintiffs from the City represent the best measure of the amount of fees and expenses reasonably necessary to obtain relief in this particular litigation. Indeed, the instant cases were no more than "tag-along" pieces of clone litigation to *McDonald*. For these reasons, any recovery above what was paid in *McDonald* is unreasonable.

B. In the alternative, and without waiving their argument in Part II.A, Defendants submit that the following would be an appropriate award of fees.

Total Fees:      $558,110.50
Total Expenses:  $ 20,984.04
**Grand Total:** **$579,094.54**

| Name | Hours | Rate | Total Fees | Expenses |
|---|---|---|---|---|
| *Stephen P. Halbrook* | 293 | $539 | $157,927.00 | $3,188.84 |

| Name | Hours | Rate | Total Fees | Expenses |
|---|---|---|---|---|
| *Goodwin Procter*[1] | | | $202,227.50 | 0 |
| Stephen D. Poss | 86.4 | $765 | $ 66,096.00 | |
| Kevin P. Martin | 101.6 | 675 | 68,580.00 | |
| Joshua S. Lipshutz | 88.5 | 505 | 44,692.50 | |
| John Rich | 12.3 | 615 | 7,564.50 | |
| Scott Nardi | 8.7 | 535 | 4,654.50 | |
| Frank W. Washko | 13.8 | 475 | 6,555.00 | |
| Ryan Ferch | 9.5 | 430 | 4,085.00 | |

| Name | Hours | Rate | Total Fees | Expenses |
|---|---|---|---|---|
| *King & Spalding/Bancroft* | | | $110,176.00 | $1,026.10 |
| Paul D. Clement | 113.9 | $765 | $ 87,133.50 | |
| Daryl L. Joseffer | 6.1 | 710 | $ 4,331.00 | |
| Jeffrey S. Bucholtz | 1.9 | 560 | $ 1,064.00 | |
| | 0.1 | 590 | 59.00 | |
| | 9.0 | 640 | 5,760.00 | |
| Adam Conrad | 5.6 | 420 | $ 2,352.00 | |
| | 8.7 | 500 | $ 4,350.00 | |
| Candice Chiu | 10.9 | 320 | $ 3,488.00 | |
| | 3.2 | 370 | 1,184.00 | |
| Catherine M. Long (paralegal) | .9 | 155 | $ 139.50 | |
| Sara L. Gallo (paralegal) | 1.5 | 210 | $ 315.00 | |

| Name | Hours | Rate | Total Fees | Expenses |
|---|---|---|---|---|
| *Brenner, Ford* | 103.30 | $300 | $30,990.00 | $417.10 |

---

[1] In the City's original response to the NRA's fee materials, the City only objected to Mr. Poss's billable rate of $880, asserting instead that $765 was an appropriate rate for his work. That reduced the appropriate fee for Goodwin Procter to a total of $197,593. However, in reviewing the NRA's statements herein, we note several mathematical errors, which, when corrected, result in the total fee number stated above.

6

| | | | |
|---|---|---|---|
| *Freeborn & Peters* | 110.80 | $300 | $33,240.00 | $16,352.00 |
| *Split between Brenner and Freeborn (for any work Performed after reassignment)* | 78.50 | $300 | $23,550.00 | |

### III. Disputes Remaining Between the Parties

L.R. 54.3(e)(3) requires "a brief description of each specific dispute remaining between the parties as to the fees or expenses . . . ." The following summarizes the Joint Statement of Objections by Defendants Chicago and Oak Park (hereafter "*Defendants*") and the response of the National Rifle Association et al. (hereafter "*NRA*" or "Plaintiffs").

#### A. *McDonald* Fee Award

*Defendants*: Defendants incorporate Part II.A as if set forth fully herein.

*NRA*: Plaintiffs are entitled to reasonable fees. Incorporation of the Second Amendment was a complex issue, and NRA and McDonald made different arguments based on different legal theories. The NRA's argument prevailed. NRA was a party in *McDonald* in the Supreme Court, the four-Justice plurality of which agreed with NRA's arguments on Due Process incorporation and rejected McDonald's arguments on Privileges-or-Immunities incorporation. NRA's briefs, which ultimately prevailed, were not duplicative of the briefs filed by McDonald but rather involved different arguments, case law, and detailed historical research and analysis. The settlement in *McDonald* is irrelevant and does not bind the NRA, as its basis is speculative, and could have been simply that counsel wanted money quickly.[1]

---

[1] In his pending fee petition in *Heller*, *McDonald* counsel Alan Gura claims "a market rate of $589/hour for 11-19 year attorneys," is seeking a base rate of $790 per hour, and confirmed

7

### B. Specific Objections

#### 1. Goodwin Procter

*Defendants*: If fees and expenses are not limited to the amount paid to the *McDonald* Plaintiff, Defendants object to an hourly rate of $880 for Mr. Poss. Plaintiffs' counsel in *McDonald*, who prevailed in *Heller*, and, like Mr. Clement, argued this case in the Supreme Court, charged $539 per hour in this case. Further, Plaintiffs' submission to Defendants indicates that a usual hourly rate charged by an experienced Supreme Court practitioner representing a civil rights plaintiff during the period of this lawsuit is between $725 and 765. Accordingly, an appropriate hourly rate for Mr. Poss is $765.

*NRA*: Stephen Poss's fee should be his market rate of $850 per hour, and Goodwin Procter should recover $207,529.62. The fees were already voluntarily reduced by 17% from the actual work performed. The hourly fee of $725 to $765 mentioned above by Defendants was simply what one attorney claimed in one specific Supreme Court case, and is not a standard for all cases.

#### 2. King & Spaulding/Bancroft

*Defendants*: If fees and expenses are not limited to the amount paid to the *McDonald* Plaintiffs, Defendants object to an award of fees to King & Spaulding/Bancroft for their work on post-*McDonald* fee litigation. That work is redundant and excessive in light of the work purportedly performed by Mr. Halbrook (Plaintiffs' primary attorney), as well as Plaintiffs' local counsel, during that phase. Moreover, that issue was not of the complexity that would require the retention of Mr. Clement (a former King & Spalding partner and current Bancroft partner)

---

"Plaintiff's 3,270.2 hours for the entire litigation." Plaintiff's Supplemental Memorandum, at 1, 3, *District of Columbia v. Heller*, 1:03-cv-00213-EGS, Document 80 (D. D.C. 4/15/11).

and his associates. Accordingly, Plaintiffs are not entitled to recover the $20,578 sought as to work on that issue performed by King & Spaulding, nor are they entitled to recover the $19,865 for Bancroft's work on that issue. Defendants further object, for the reason set forth above in Part III.B.1, to the claimed rate of $1,020 for Mr. Clement and instead submit that an appropriate rate for his services is $765/hour.

*NRA*: Paul Clement's fee should be $1020 per hour and King & Spaulding/Bancroft should be awarded $179,014.60.[1] That amount represents fees of $137,545.50 and expenses of $1,026.10 (Clement Ex. 1-E) in the Supreme Court on the merits (Ex. 1-A), and fees of $20,578 for King & Spalding (Ex. 1-C) and $19,865.00 for Bancroft (Ex. 2) for the fee litigation. Mr. Clement's hourly rate is reasonable in that he is one of forty-six Americans to have served as Solicitor General, has argued fifty-four cases before the Supreme Court, and this was his actual market rate.

Mr. Clement should recover fees for the fee litigation. Defendants raised a novel argument based on the *Buckhannon* case with which the District Court agreed, making Clement's further participation all the more warranted. Clement has substantial expertise on such issues, having worked on post-*Buckhannon* issues while in the Office of Solicitor General and having argued *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010), one of the Supreme Court's most recent attorney's fees cases.

### 3. Stephen Halbrook

#### a. Rate

*Defendants*: Defendants object to Mr. Halbrook recovering an hourly rate of $800. That rate is wildly excessive in light of the rates Mr. Halbrook charges his clients ($225/hour charged

---

[1] Defendants correctly pointed out that the original claimed fee of $198,902.60 was miscalculated. The correct figure is $179,014.60.

to the NRA; $400-$500/hour charged to other clients). Further, Mr. Halbrook bases the $800 rate on the rates charged by attorneys retained by Plaintiffs to represent them in the Supreme Court phase of the case, but that comparison is inappropriate because of their unique expertise in litigating matters in the Supreme Court. A closer benchmark for Mr. Halbrook's hourly rate would be $539/hour, which is the rate paid to Mr. Gura by the City in *McDonald*. As the primary (and prevailing) counsel in *Heller* and *McDonald*, Mr. Gura has established himself as a leading attorney in Second Amendment litigation. Indeed, that rate represents a premium over what Mr. Halbrook charges even as to his non-NRA clients.

*NRA*: A rate of $800 per hour is reasonable in light of Halbrook's Supreme Court experience and expertise on the Second and Fourteenth Amendments, a subject on which he has published five books and scores of articles, and on which he was conducted litigation, for 33 years. He charged the NRA a low hourly rate with the motivation that he was performing services partially pro bono, and charges other clients relatively low rates because he believes that legal services required to support Second Amendment rights should be affordable. Defendants are not entitled to benefit from this generosity.

b.  **Hours**

*Defendants*: Defendants object to hours claimed by Mr. Halbrook (and local counsel) for various phases of the litigation that exceed those spent by the *McDonald* plaintiffs' primary and local counsel in those same phases. Mr. Halbrook claims that his three decades of experience researching and writing about firearms issues pertaining to the Second and Fourteenth Amendments allowed him to litigate the case with utmost efficiency. Yet, the number of hours spent by Mr. Halbrook on the various phases of the case far exceed those spent by Mr. Gura, who, while not having Mr. Halbrook's three decades of experience, was nonetheless able to

10

successfully litigate the case on behalf of the *McDonald* plaintiffs, raising incorporation under both the Due Process and Privileges or Immunities Clauses. Further, the various phases of the litigation called for essentially the same tasks by both the *McDonald* plaintiffs and Plaintiffs in the instant cases.

*NRA*: The success in the Supreme Court was attributable to the best possible case being presented for incorporation. That case was presented by the NRA team, of which Halbrook played a critical role and which utilized Halbrook's decades of historical and legal scholarship. Had the Court been faced only with the incorporation arguments based on the Privileges-or-Immunities Clause as advocated by the McDonald petitioners, the Court would have decided the case adversely.

    c.    **Unnecessary Work**

*Defendants*:

a.    Defendants object to a recovery for work by Mr. Halbrook and Plaintiffs' local counsel on tasks that were inconsequential, unsuccessful, and/or not reasonably necessary. In particular (but not exclusively), Defendants object to work relating to: (i) Plaintiffs' unsuccessful opposition to reassignment of the cases in the district court, and Plaintiffs' drafting an unfiled brief opposing consolidation in the court of appeals; (ii) Plaintiffs' motions to strike the Defendants' jury demands, as that issue was inconsequential to any relief ultimately attained by Plaintiffs; (iii) Plaintiffs' unsuccessful motion for hearing *en banc* in the court of appeals; (iv) the filing of a notice of appeal that was later voluntarily dismissed by Plaintiffs; (v) Plaintiffs' petition for certiorari because it was granted only after the Supreme Court had already ruled on the merits in *McDonald* and was therefore unnecessary; (vi) any work by Mr. Halbrook on the Supreme Court appeal because Plaintiffs retained two firms, Goodwin Procter and King &

Spaulding, to represent them in that phase of the case; (vii) any work unrelated to the instant cases, such as the NRA's (and other plaintiffs') lawsuit against the City of Evanston.

*NRA*:

a. In the District Court, the opposition to reassignment was the kind of incidental task that may arise in any case at the trial court level. The motion to strike the jury demand was necessitated by defendants' making that demand. Work on the notice of appeal that was voluntarily dismissed was already deleted. Chicago correctly states that work related to Evanston case should not be billed here and an entry inadvertently doing so has been deleted.[1]

b. In the Court of Appeals, the unfiled opposition to consolidation was the kind of incidental task that could reasonably arise in any litigation. The motion for rehearing en banc prior to the panel hearing was made to expedite the case had the full court wished to reconsider *Quilici v. Village of Morton Grove*, 695 F.2d 261 (7th Cir. 1982), which rejected incorporation. Denial of the motion expedited the path to Supreme Court review.

c. In the Supreme Court, it would have been irresponsible for NRA not to have filed a petition for a writ of certiorari. It would have been speculative to surmise that the McDonald litigants would file their own petition, much less that the Court would grant it. Nor could the different parties be compelled to collaborate on one petition. It would be speculative to suggest why the Court granted the McDonald petition and not NRA's, but only in hindsight could Chicago now assert it was somehow "unnecessary." That is not the test. It is irrelevant that the Court granted the McDonald petition first, in that NRA remained a party in that case and actively participated in the proceedings.

---

[1] Halbrook's entry of 8/25/2008 for 3.6 hours has been deleted. Time attributable to Evanston in other entries was already eliminated as shown in brackets on Halbrook's time sheets.

12

d. In addition to his own Supreme Court expertise, Halbrook is the nation's preeminent authority on the history and adoption of the Second and Fourteenth Amendments. None of the other attorneys had decades of experience researching and litigating issues under the Second and Fourteenth Amendments. Halbrook contributed significant portions of NRA's opening and reply briefs.

4. **Brenner, Ford, Monroe & Scott, Ltd. and Freeborn & Peters LLP**

*Defendants*: Defendants object to the hours claimed by Brenner and Freeborn to the extent that the claimed work falls within the objections listed in Section III.B.3(c) above. Defendants further object to the hours claimed by these firms to the extent that one of the firms seeks to charge Defendants for work that was substantially performed (and charged) by the other. Defendants object to any recovery by Brenner and Freeborn for work in the district court and court of appeals prior to consolidation that exceeds the hours of the *McDonald* plaintiffs' local counsel (Mr. Sigale). Because the Chicago and Oak Park cases were consolidated on appeal, Defendants object to Brenner and Freeborn each receiving a separate recovery for post-consolidation merits work in the court of appeals, but Defendants do not object to a single recovery by Plaintiffs for local counsel work during that phase, to the extent that the recovery does not exceed the recovery by Mr. Sigale (*McDonald* plaintiffs' local counsel) for that same phase.

Similarly, Defendants do not object to Brenner and Freeborn recovering fees for litigating Plaintiffs' entitlement to fees in the district court upon remand from the Supreme Court, and in the court of appeals prior to consolidation, to the extent that the hours and billing rates claimed do not exceed those of Mr. Sigale. Defendants object to Brenner and Freeborn receiving a separate recovery for post-consolidation fee entitlement work in the court of appeals, but do not

13

object to a single recovery by Plaintiffs for local counsel work during that phase, to the extent that the hours and billing rates claimed do not exceed those of Mr. Sigale.

Finally, Defendants object to the hourly rates for both firms to the extent they exceed $300 per hour because that is the rate Brenner actually charged its clients in this case and the rate that local counsel in *McDonald* recovered.

*NRA*: Where one firm did work, the other firm never charged for it, whether for pre- or post-consolidation work. The reasonableness of the work actually performed by each firm, and lack of duplication, is fully documented in the statements of services performed previously submitted to the defendants. A reasonable hourly fee for William Howard and for Stephen Kolodziej was $475. The hours and fee rate of Mr. Sigale claimed in the the McDonald-Chicago settlement is not relevant here.

### 5. Cooper & Kirk

*Defendants*: Defendants object to the entirety of the fees and expenses claimed by Cooper & Kirk. No attorney from that firm entered an appearance for Plaintiffs in the case or otherwise purported to represent Plaintiffs in court or in dealings with opposing counsel. Moreover, the work of Cooper & Kirk is duplicative and redundant of work performed by Plaintiffs' numerous attorneys of record, and/or was in furtherance of seeking a fee/expenses award to which Cooper & Kirk is not entitled

*NRA*: The firm assisted with briefing and its work is documented in the record. It is not required that it enter an appearance. The firm is entitled to an award of $28,576.50.

### IV. Statement Pursuant to L.R. 54.3(e)(4)

The motion for fees and expenses will be based on judgments that respondents do not intend to appeal further.

14

NATIONAL RIFLE ASSOCIATION
OF AMERICA, INC., Dr. KATHRYN TYLER,
VAN F. WELTON and BRETT BENSON
Plaintiffs – Case No. 08 CV 3697

BY:   s/ Stephen A. Kolodziej
       One of Their Attorneys

| | |
|---|---|
| Stephen P. Halbrook | Stephen A. Kolodziej |
| Attorney at Law | Brenner, Ford, Monroe & Scott, Ltd. |
| 3925 Chain Bridge Road, Suite 403 | 33 North Dearborn Street, Suite 300 |
| Fairfax, VA 22030 | Chicago, Illinois 60602 |
| Tel. (703) 352-7276 | Tel. (312) 781-1970 |
| Fax (703) 359-0938 | Fax (312) 781-9209 |

NATIONAL RIFLE ASSOCIATION
OF AMERICA, INC., ROBERT KLEIN
ENGLER, and DR. GENE A. REISINGER,
Plaintiffs – Case No. 08 CV 3696

By: s/ William N. Howard
       One of Their Attorneys

| | |
|---|---|
| Stephen P. Halbrook | William N. Howard, Esq. |
| Attorney at Law | FREEBORN & PETERS LLP |
| 3925 Chain Bridge Road, Suite 403 | 311 S. Wacker Dr., Suite 3000 |
| Fairfax, VA 22030 | Chicago, Illinois 60606 |
| Tel. (703) 352-7276 | Tel. (312) 360-6415 |
| Fax (703) 359-0938 | Fax (312) 360-6573 |

THE CITY OF CHICAGO
Defendant – Case No. 08 CV 3697

By:s/ Andrew W. Worseck
       One of Its Attorneys

Michael A. Forti
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago - Department of Law
Constitutional and Commercial -
Litigation Division

15

        30 North LaSalle Street, Suite 1230
        Chicago, Illinois 60602
        Tel:   (312) 744-4342
        Fax:  (312) 742-3925


**THE VILLAGE OF OAK PARK**
Defendant – Case No. 08 CV 3696

By: s/ Ranjit J. Hakim
      One of Its Attorneys

Ranjit J. Hakim
Alexa Shea
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 701-8758
Fax: (312) 706-9124

## CERTIFICATE OF SERVICE

I, William N. Howard, an attorney, certify that on this, the 19th day of December, 2011, I caused a copy of the foregoing **Joint Statement Pursuant to Local Rule 54.3(e)** to be served by electronic filing on:

Ranjit Hakim
Alexandra E. Shea
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606
e-mail: courtnotification@mayerbrown.com

Lance C. Malina
Jacob Henry Karaca
Klein, Thorpe & Jenkins, Ltd.
20 N. Wacker Dr., Suite 1660
Chicago, IL 60606-2903
email: lcmailina@ktjnet.com
jhjaraca@ktjnet.com

and that I caused a copy to be served by U.S. Mail on:

City of Chicago - Department of Law
Constitutional and Commercial -
Litigation Division
30 North LaSalle St., Suite 1230
Chicago, IL 60602

Alan Gura
Gura & Pssessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314

David G. Sigale
Law Firm of David G. Sigale, P.C.
4300 Commerce Crt., Suite 300-3
Lisle, IL 60532

s/ William N. Howard
William N. Howard
Counsel for Plaintiffs

2443316v1/26457-0002