IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., DR. KATHRYN TYLER, VAN F. WELTON, and BRETT BENSON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No. 08 CV 3697 |
| THE CITY OF CHICAGO, | ) ) ) | Judge Milton I. Shadur |
| Defendant. | ) ) | |

## SUPPLEMENTAL DECLARATION OF STEPHEN A. KOLODZIEJ

I, Stephen A. Kolodziej, being duly sworn under oath, hereby state, and if called, could competently testify as follows:

1. I have practiced as a civil trial and appellate lawyer in Chicago continuously since 1993. Throughout that time, my practice has covered a wide variety of areas, including civil rights and constitutional litigation, employment discrimination, professional negligence, product liability, insurance coverage, commercial and contract litigation, and defamation and privacy torts. My clients include insurance companies, corporations, and private individuals.

2. Due to the wide variety and nature of the cases I handle and clients I represent, I do not have a standard, fixed hourly rate; rather, my practice has been to vary my fees depending upon the nature and complexity of the case, the identity, circumstances and needs of the particular client, and the client's goals in the litigation. Based upon my experience practicing in Chicago for 18

years, the market rate for attorneys with my level of experience handling a case of this nature in 2008-2011 was in the range of $450 to $500 per hour.[1]

3. Based upon the nature, complexity, and importance of the issues presented in this case of first impression, I charged the NRA a discounted rate of $300 per hour for my services. This rate was motivated by a desire to assist the NRA, which is supported by the hard-earned dollars of its members, in protecting the fundamental Second Amendment rights of the individual plaintiffs, NRA members, and Chicago residents generally.

4. Although two distinctly different ordinances were being challenged in the two separate cases against Chicago and Oak Park, I was aware at the time of my retention that there would undoubtedly be overlap in the legal research, substantive and procedural matters that both I and local counsel for the NRA in the Oak Park case would handle. In order to avoid incurring unnecessary legal fees and double charging the client for services performed in one case that could be duplicated in the other case, it was necessary throughout the case for me to frequently confer with the client and with attorney Stephen Halbrook, lead counsel in both cases, and attorney William Howard, local counsel in the Oak Park case, in order to discuss and plan for divisions of labor on those substantive and procedural matters where identical tasks such as legal research could be effectively performed in one case and utilized in the other case. Therefore, while the client incurred multiple charges for conferences and correspondence between counsel for this purpose, the

---

[1] According to the schedule of the Laffey Matrix of the U.S. Department of Justice, for 2010-11 an appropriate hourly rate for an attorney with my level of experience is $420 per hour. http://www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf (visited Feb. 3, 2012). In my initial Declaration filed in support of plaintiffs' motion for attorney's fees, I inadvertently misstated the Laffey Matrix rate as $475, due to a misreading of the adjacent column on the Matrix. $475 is the rate for lawyers with 20+ years of experience, while the rate for attorneys with 10-19 years of experience is $420.

2

end result was a savings to the client and a more effective use of attorney time, because the coordination between attorneys prevented duplicative work in both cases. For example, where otherwise similar research was needed or identical documents had to be prepared in both cases, attorney Howard's office usually provided the service and I would simply adopt or utilize that research or copy those documents, and charge the client only for any additional supplementation or tailoring that was required due to the specifics of the Chicago case.

5. Based upon my knowledge and experience as a practicing attorney in Chicago, the Laffey Matrix, and the market rate for attorneys in Chicago from 2008 to 2011, I believe $475 is a reasonable hourly rate for my services in this case.

Under penalty of perjury, I hereby certify that the statements set forth in this Supplemental Declaration and true and correct to the best of my knowledge and belief.

Dated February 10, 2012.

_____
Stephen A. Kolodziej