**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., DR. KATHRYN TYLER, VAN F. WELTON, and BRETT BENSON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No. 08 CV 3697 |
| THE CITY OF CHICAGO, | ) ) ) | Judge Milton I. Shadur |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO GURA & POSSESSKY, PLLC AND LAW FIRM OF DAVID G. SIGALE, P.C.'S MOTION FOR LEAVE TO FILE *AMICUS* BRIEF**

Plaintiffs, National Rifle Association of America, Dr. Kathryn Tyler, Van F. Welton and Brett Benson ("Plaintiffs"), by and through their attorneys, Stephen A. Kolodziej and Stephen P. Halbrook, respectfully submit their Opposition to Gura & Possessky, PLLC and Law Firm of David Sigale's (collectively, "Movants"), Motion for Leave to File *Amicus* Brief, and in support thereof state as follows:

**INTRODUCTION**

For several years, Plaintiffs and Movants, in related cases,[1] pursued the protection and recognition of Second Amendment rights for the citizens of the City of Chicago, the Village of Oak Park, and law-abiding citizens around the country. Although ultimately successful at the highest level in the United States Supreme Court, Movants now seek leave to file an *amicus* brief in opposition to Plaintiffs' right to collect reasonable attorneys fees for their successful efforts.

---

[1] *See* Dkt. No. 6; *see also National Rifle Assn., et al. v. Village of Oak Park*, Case No. 08 cv 3696.

Movants have already reached an accord with the opposition and have been compensated for their efforts in this action. Accordingly, Movants have no interest in the resolution of Plaintiffs' pending Motion for Attorneys Fees. Therefore, Movants should not be permitted to file an *amicus* brief in this matter. Further, Movants should not be allowed to file this *amicus* brief because their brief does not present to the Court any facts, law, or policy beyond that which Plaintiffs and Defendants are able to provide, and have already provided, the Court. Movants' proposed *amicus* brief is, therefore, wholly unnecessary and immaterial. For all of these reasons, Movants' Motion for Leave to File a Brief as *Amici Curiae* should be denied.

## STANDARD

A federal district court's decision to grant *amicus* status to an individual, or an organization, is discretionary. *Leigh v. Engle*, 535 F. Supp. 418, 420. 1982 U.S. Dist. LEXIS 11267 (N.D. Ill. 1982). To allow the filing of an *amicus curiae* brief is a matter of "judicial grace." *Voices for Choices v. Illinois Bell Telephone*, 339 F.3d 542, 544, 2003 U.S. App. LEXIS 16054, *4 (7th Cir. 2003). In the absence of all parties' consent, a motion for leave to file an *amicus* brief should be denied when the movant lacks interest in the outcome of the dispute *or* when the movant's proposed brief does not present new fact, law or policy that the parties themselves have overlooked. *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2004 U.S. Dist LEXIS 9851, *3 (N.D. Ill. 2004) ("An *amicus* brief should only be permitted in 'a case in which a party is inadequately represented; or in which the would-be *amicus* has a direct interest in another case that may be materially affected by a decision in this case; or in which the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide'.") *citing Voices for Choices v. Illinois Bell Telephone*, 339 F.3d 542, 545, 2003 U.S. App. LEXIS 16054, *3 (7th Cir. 2003).

**ARGUMENT**

I.   **This Court Should Deny Movants Amici Status Because Movants' Proposed** *Amicus* **Brief Fails to Present New Facts or Theories.**

"No matter who a would-be *amicus curiae* is . . . the criterion for deciding whether to permit the filing of an *amicus* brief should be the same: whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Telephone*, 339 F.3d 542, 544, 545, 2003 U.S. App. LEXIS 16054, *6-7 (7th Cir. 2003). *See also Chamberlain Group, Inc. v. Interlogix, Inc.*, 2004 U.S. Dist LEXIS 9851, *3 (N.D. Ill. 2004) ("The Seventh Circuit has cautioned against *amicus* briefs that do not assist the judge by presenting ideas, arguments, theories, insights, facts, or data"); *Nat'l Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 2000 U.S. App. LEXIS 18346 (7th Cir. 2000) upholding district court's denial of requests to file *amicus* brief when the proposed briefs failed to present "fact, law, or policy" overlooked by the parties. A proposed brief that "complements" a party's argument should not be permitted under the standard set by the Seventh Circuit. *See Beesley v. Inter'l Paper Co.*, 2011 U.S. Dist. LEXIS 132578, *4-5 (S.D. Ill. 2011) *denying* leave to file an *amicus* brief when movant failed to offer unique information that could help the court beyond the help that the lawyers for the parties were able to provide. As Judge Posner opined, "judges should be assiduous to bar the gates to *amicus curiae* briefs that fail to present convincing reasons why the parties' briefs do not give [the court] all the help [it] needs for deciding [the pending dispute]." *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1064, 1997 U.S. App. LEXIS 24929 (7th Cir. 1997).

Despite Movants' claim that they have a "unique perspective" on the reasonableness of Plaintiffs' fees, Movants have failed to put forth any new facts or law such that their proposed *amicus* brief would help this Court decide the issue. Rather, Movants spend some fifteen pages

of their proposed brief simply regurgitating the arguments they presented to the Supreme Court citing previous pleadings, motions, and argument transcripts. These issues, however, are not presently before this Court, and there is no need to revisit or re-litigate them for the purposes of Plaintiffs' Motion for Fees.

Simply put, Movants' proposed brief adds *nothing* to the record and should not be permitted to delay the resolution of this simple issue. Applying the standard set forth by the Seventh Circuit for filing of *amicus* briefs, it is clear that Movants failed to present any convincing reason why their proposed brief is necessary and as such, their Motion for Leave should be denied.

**II.     This Court Should Deny Movants *Amici* Status Because They Have No Interest In the Outcome of this Action.**

Federal Rule of Appellate Procedure 29 provides the Court with guidance as to the propriety of allowing an *amicus* brief. "Fed. R. App. P. 29 sets forth standards for filing *amicus* brief in Courts of Appeals, and in absence of controlling authority, district courts commonly refer to Rule 29 for guidance." *United States, ex rel. v. Deloitte Consulting LLC*, 512 F. Supp. 2d 920, 927 (S.D. Tex 2007). Courts have also noted that while *amicus* briefs may be useful in a reviewing court where, usually, only issues of law are resolved, it may be less helpful in the District Court. *See also Liberty Mercury v. Ford Marketing Corp.,* 149 F.R.D. 65, 82 (D.N.J. 1993) (at the trial level, "the aid of *amicus curiae* may be less appropriate than at the appellate level.")

Rule 29(b) requires that a would-be *amicus* have "sufficient interest in the case." *Neonatology Associates, P.A. v. Commissioner of IRS*, 293 F.3d 128, 2002 U.S. App. LEXIS 10033 (3d Cir. 2002); Fed. R. App. P. 29(b); *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2004 U.S. Dist LEXIS 9851, *3 (N.D. Ill. 2004). "Although the Rule does not say expressly that a

motion for leave to file should be denied if the movant does not meet the requirements . . . it is implicit." *Neonatology Associates, P.A. v. Commissioner of IRS*, 293 F.3d 128, 131, 2002 U.S. App. LEXIS 10033 (3d Cir. 2002).

Movants in this matter lack any interest in the outcome of the current dispute, let alone a "sufficient interest" to warrant filing an *amicus* brief. Pending before this Court is Plaintiffs' Motion for Attorneys Fees. Movants have been compensated for their work on their case. Movants had nothing to do with the *Oak Park* case and had a *separate* case against Chicago. Hence, they have no interest in the resolution of any remaining fee disputes between the parties before this Court. Movants lack of interest is fatal to their Motion for Leave to File an *Amicus* Brief.

Recognizing this, Movants put forth in their proposed brief the erroneous claim that their interest in this case is threefold. Movants claim they have an interest in "correcting the record" with regard to (1) which counsel should receive the most credit for the Supreme Court victory in *McDonald*; (2) the Movants' professional competence; and (3) the Movants' financial health. None of these purported "interests," however, have any bearing on the outcome of the current dispute, which is limited to the reasonableness of Plaintiffs' attorneys fees. These alleged "interests" cannot, therefore, serve as the basis for filing an *amicus* brief in this dispute. *Compare United States v. Board of Education City of Chicago*, 1993 U.S. Dist. LEXIS 14307, *9 (granting request to file an *amicus* brief when the requesting party would be "significantly affected by the resolution of the matter"). Movants have failed to identify any relevant interest sufficient to warrant leave to file an *amicus* brief. Accordingly, their Motion should be denied.

Moreover, the alleged "interests" *amici* assert in scrutinizing the comparative merits of the arguments of the parties by reference to the briefs filed in the District Court, the Court of

Appeals, and the Supreme Court would open the door to major new litigation. "[T]he desirability of avoiding 'a second major litigation' strictly over attorneys' fees is high." *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 639 (7th Cir. 2011), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983).

Given the above, there is no proper basis upon which *amici* should be allowed to file a brief in this matter and, in fact, such a practice is discouraged, and should not be countenanced here.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request this Court deny the Motion of Gura & Possessky, PLLC and Law Firm of David G. Sigale, P.C. for Leave to File a Brief as *Amici Curiae*.

                                          **NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., Dr. KATHRYN TYLER, VAN F. WELTON and BRETT BENSON**
                                          Plaintiffs

                                          BY:   s/ Stephen A. Kolodziej
                                                 One of Their Attorneys

| | |
|---|---|
| Stephen P. Halbrook | Stephen A. Kolodziej |
| Attorney at Law | Ford & Britton, P.C. |
| 3925 Chain Bridge Road, Suite 403 | 33 North Dearborn Street, Suite 300 |
| Fairfax, VA 22030 | Chicago, Illinois 60602 |
| Tel. (703) 352-7276 | Tel (312) 924-7500 |
| Fax (703) 359-0938 | Fax (312) 924-7516 |

**CERTIFICATE OF SERVICE**

  I, Stephen A. Kolodziej, an attorney, certify that on this, the 3d day of April, 2012, I caused a copy of the foregoing to be served by electronic filing on:

 Michael A. Forti
 Andrew W. Worseck
 William Macy Aguiar
 Rebecca Alfert Hirsch
 City of Chicago - Department of Law
 Constitutional and Commercial Litigation Division
 30 North LaSalle Street, Suite 1230
 Chicago, Illinois 60602
 Tel: (312) 744-4342
 Fax: (312) 742-3925

And

 David G. Sigale
 Law Firm of David G. Sigale, P.C.
 4300 Commerce Crt., Suite 300-3
 Lisle, IL 60532

and that I caused a copy to be served by U.S. Mail on:

| | |
|---|---|
| Ranjit Hakim | Lance C. Malina |
| Alexandra E. Shea | Jacob Henry Karaca |
| Mayer Brown LLP | Klein, Thorpe & Jenkins, Ltd. |
| 71 S. Wacker Dr. | 20 N. Wacker Dr., Suite 1660 |
| Chicago, IL 60606 | Chicago, IL 60606-2903 |
| e-mail: | email: lcmailina@ktjnet.com |
| courtnotification@mayerbrown.com | jhjaraca@ktjnet.com |

 Alan Gura
 Gura & Possessky, PLLC
 101 N. Columbus St., Suite 405
 Alexandria, VA 22314

                s/Stephen A. Kolodziej